IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KINWEN LaMARROW STALLWORTH,  :
#203660,                      :
                              :
    Plaintiff,                :
                              :
vs.                           :   CIVIL ACTION 10-00389-WS-B
                              :
THOMAS TATE, *et al.*,        :
                              :
    Defendants.               :

**REPORT AND RECOMMENDATION**

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). Upon careful review, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted and for failure to obey the Court's Orders.

**I. Nature of Proceedings.**

   **A. History.**

Before the Court is Plaintiff's Second Amended Complaint, which was filed at the Court's direction. (Docs. 12, 14). Plaintiff's original Complaint was filed in the Middle District

of Alabama. Upon review, that court ordered Plaintiff to file an amended complaint and specifically instructed him to include one claim, along with any other claims that were closely related to it and that arose in the same district. (Doc. 5). Plaintiff was also informed that claims arising in another district would have to be brought in the district in which they arose. Plaintiff was further advised of the pleading requirements for stating a § 1983 claim.

In response to the Order, Plaintiff filed his First Amended Complaint. (Doc. 6). The court, in reviewing the pleading, found that the actions of which Plaintiff complained occurred primarily in Monroe County, Alabama, which is located in the Southern District of Alabama. (Doc. 7). Accordingly, Plaintiff's action was transferred to this Court. (Docs. 7, 10).

Upon receipt of this action, and after review of the First Amended Complaint, this Court determined that the First Amended Complaint did not comply with the pleading directives provided to Plaintiff by the court in the Middle District of Alabama. Thus, Plaintiff was ordered to file a second amended complaint that complied with those directives, which this Court again reiterated in its Order. (Doc. 12). Plaintiff was warned that his failure to file a complaint that complied with the Court's pleading directives would result in the dismissal of his action

for failure to comply with the Court's Order and that the second amended complaint would supersede his prior original complaint and amended complaint. (Doc. 12; see Doc. 5 at 5).

**B. Second Amended Complaint. (Doc. 14).**

Plaintiff, who is no longer incarcerated at the Monroe County Detention Center, names the Sheriff of Monroe County, Alabama, Thomas Tate, and the District Attorney of Monroe County, William Tommy Chatman, as Defendants in his Second Amended Complaint. (Doc. 14 at 7). Due to the brevity of the allegations, they are set out below.

> I was cut by hospital on a Monday, scheduled but hospital for surgery the following Friday but sheriff dept. failed to pay deposit for surgery. Tate was responsible for the bill. November 2009 the jail was informed of a recall on surgery scheduled by Dr. Roy Gandy U.S.A. Medical marked urgent. Chatman sent me to prison the day of said surgery. A violation of my 8th Amendments rights, of medical care. I lost abdom[in]al muscles, unable to work. I was also offered a plea bargain when clearly a violation of probation would apply. To sign up for Blue Cross/Blue Shield so they (Jail and Sheriff) wouldn't have to pay the expenses.

Then, Plaintiff specifically alleges the following "inadequate medical care" claim against Defendant Tate: "Several requests to go to doctor, knot on mug shot, medical records at County hospital, no medical staff at Jail, cancer. Also witnesses on law [e]nforcement officer and prisoners of facility." (Id. at 4). With respect to Defendant Chatman, Plaintiff states: "Plea bargain to sign up for Blue Cross to pay current medical bills

3

neglect to have medical treatment, surgery performed [and] probation revoked for having a firearm, but no weapon found in my possession, vehicle or resident of 525 Belsaw Ave., Mobile Al 36610." (Id. at 5).

For relief, Plaintiff requests that "arrangements [be made] to pay all expenses [and] judgment for pain and suffering." (Id. at 6).

Subsequent to the filing of his Second Amended Complaint, Plaintiff, on August 19, 2010, filed an untitled document (Doc. 15), in which he states:

> If I need to file a separate claim for false imprisonment, I will an in an orderly fashion. I can't pay the entire 350.00 but can pay what I must to file the claim. I am bleeding from stool, lose 30 lbs, fatigue, knot visible in stomach and vomiting. I need medical treatment soon as possible. No action taken on either party, motions dismissed and the appointed lawyers won't tell me nothing. I asked for a speedy trial but told by lawyer that it wasn't necessary. I don't know what expungement means, please inform me. So do I need to amend the false imprisonment to the Southern District Court or middle district. All claims somewhat relate to denial of medical care, neglect but the false imprisonment clearly does not.

As best the Court can determine, at the time Plaintiff filed this document, as well as when he first initiated this action, Plaintiff was incarcerated at the Alabama Department of Corrections' Kilby Correctional Center, rather than the Monroe County Detention Center. (Docs. 1 , 14 at 7).

**II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing his Second Amended Complaint (Doc. 14) under 28 U.S.C. § 1915(e)(2)(B).[1] Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[1] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(b)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Bilal, 251 F.3d at 1348-49.

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. \_\_\_, \_\_\_, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (quotations marks and second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at \_\_\_, 129 S.Ct. at 1949.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Ashcroft v. Iqbal, 556 U.S. \_\_\_, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); see Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) (observing Iqbal's overruling of GJR Investments' heightened pleading standard). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court including the

6

Federal Rules of Civil Procedure." <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir.), <u>cert. denied</u>, 493 U.S. 863 (1989).

**III. Discussion.**

After reviewing Plaintiff's Second Amended Complaint (Doc. 14), and giving Plaintiff's allegations a liberal construction, the Court is unable to discern a cogent claim of constitutional magnitude from his allegations. The allegations do not convey a specific claim against either Defendant. The allegations impart only a vague notion that at some point, Plaintiff was denied medical care and had an erroneous probation revocation. These two matters are not related and as a result, they should have been brought in separate actions as Plaintiff was previously instructed by both this Court and the court in the Middle District of Alabama.

Rule 8(a)(2) requires that the complaint be "a short and plain statement of the claims showing that the pleader is entitled to relief[.]" FED.R.CIV.P. 8(a)(2). Plaintiff's Second Amended Complaint is not plain in that it does clearly convey a complete thought. This type of deficient pleading places the Court in the position of trying to decipher what Plaintiff is attempting to allege from the fragmented information he has provided; however, the Court is unable to piece together a claim because factual information necessary to make out a claim is absent and the Court is prohibited from rewriting a "deficient

7

pleading in order to sustain an action." GJR Investments, 132 F.3d at 1369.

Rule 8 does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." Iqbal, 556 U.S. at ___, 129 S.Ct. at 1949. Although a plaintiff is not required to provide numerous detailed factual allegations, he is obligated to provide some factual grounds showing a right to relief, which requires more than labels and conclusions or a narration of a cause of action's elements. Twombly, 550 U.S. at 555, 127 S.Ct. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Id. at 555, 127 S.Ct. at 1965. A plaintiff must "nudge [his] claim[] across the line from conceivable to plausible." Id. at 570, 127 S.Ct. at 1974. Otherwise, "[a] complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 129 S.Ct. at 1950).

"A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at ___, 129 S.Ct. at 1949. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

8

alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Id. at ___, 129 S.Ct. at 1950 (quoting FED.R.CIV.P. 8(a)(2)).

In the present action, Plaintiff filed his initial Complaint on April 23, 2010 (Doc. 1) based on actions that allegedly occurred sometime in 2009. (Doc. 14).[2] Plaintiff's Second Amended Complaint is completely devoid of any information which identifies Plaintiff's medical condition or Defendant Tate's actions and state of mind in regard to Plaintiff's condition. Information of this nature is necessary to state a medical claim. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976) ("[I]n order to state a cognizable [§ 1983] claim [in a medical context], a prisoner must allege acts or omissions sufficiently harmful to evidence a deliberate indifference to serious medical needs."); see Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992) (It is only those needs that are serious that can be addressed "[b]ecause society does not expect that prisoners will have unqualified access to health care[.]"). This standard also applies if Plaintiff is attempting to state a medical claim

---

[2] In Plaintiff's last filing (Doc. 15), he complains that he needs medical treatment as soon as possible. Plaintiff should seek appropriate medical treatment at the Kilby Correctional facility where he is currently incarcerated.

9

against Defendant Chatman.  Cf. Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986) (opining that prison guards may be liable under the Eighth Amendment for delaying or denying access to medical care).

Plaintiff's allegations, however, do not permit the Court to conclude that Plaintiff has been denied medical care for a serious health need. In other words, Plaintiff's allegations fall way short of stating a plausible medical claim against either Defendant Tate or Defendant Chatman.  Cf. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (in order to state a claim against a defendant in a § 1983 action, the defendant must be causally connected to a claim by showing his actions, orders, customs, or policies caused a deprivation of a plaintiff's constitutional rights).  Accordingly, Plaintiff has failed to state a medical claim upon which relief can be granted against either Defendant.

Turning to Plaintiff's allegations against Defendant Chatman regarding the revocation of Plaintiff's probation, the allegations are conclusory and are in the nature of a defendant-unlawfully-harmed-me accusation.  These few conclusory allegations fail to present a claim that is a plausible.  Thus,

Plaintiff has failed to state a claim against Defendant Chatman based on his probation revocation.[3]

In light of these pleadings deficiencies, Plaintiff's action is due to be dismissed for failure to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(ii). Furthermore, it is subject to dismissal for Plaintiff's failure to comply with the Court's orders to plead a complaint that complies with Rule 8 and the Court's directives contained in its Orders.  <u>Pelletier v. Zweifel</u>, 921 F.2d 1465, 1522 n.103 (11th Cir.), <u>cert. denied</u>, 510 U.S. 918 (1991) (ruling the failure to comply with a court's order requiring that a complaint be repled to bring it into compliance with Rule 8(a) is cause for a non-complying amended complaint's dismissal pursuant to Rule 41(b)).

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted and for failure to comply with the Court's Orders.

---

[3] Because of the inadequate factual information concerning the probation-revocation, the Court cannot determine whether this claim is properly brought under § 1983 or whether it should be brought as a habeas action under 28 U.S.C. § 2254 after Plaintiff has exhausted his state-court remedies.

11

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this **9th** day of **December, 2010.**

                                     **S/ SONJA F. BIVINS**
                             **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[4]Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).

13

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this **9th** day of **December, 2010.**

                                              **_____S/ SONJA F. BIVINS_____**
                                              **UNITED STATES MAGISTRATE JUDGE**